NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEAN SARNO, : | |
| : | |
| Plaintiff, : | Civil Action No. 12-002075 (JAP) |
| : | |
| v.    : | **OPINION** |
| : | |
| WAL-MART STORES EAST, L.P., : | |
| : | |
| Defendant.   : | |

PISANO, District Judge.

This is an action brought by Plaintiff Jean Sarno ("Plaintiff") against Defendant Wal-Mart Stores East, L.P. ("Wal-Mart" or "Defendant"). Plaintiff alleges that Defendant violated the New Jersey Conscientious Employee Protection Act ("CEPA") and the New Jersey Law Against Discrimination. She also alleges a common law claim for wrongful termination. Presently before the Court is Defendant's Partial Motion to Dismiss the CEPA claim (Count I of the Amended Complaint) pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant argues that Plaintiff's CEPA claim should be dismissed because it is time-barred and because Plaintiff's activities do not constitute whistle-blowing under CEPA. Plaintiff opposes the Motion to Dismiss and argues her actions were protected whistle-blowing activities under CEPA and her Complaint is timely because Defendant's retaliatory actions constituted a continuing violation. The Court decides these matters without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court finds that Plaintiff's CEPA claim

was not brought within the applicable statute of limitations period and therefore fails as a matter of law.  Accordingly, Defendant's Partial Motion to Dismiss shall be granted.

**I.      Background**

**A. Plaintiff's Complaint**

The following allegations are summarized from the Complaint, and must be taken as true in deciding this Motion to Dismiss.  Plaintiff began working as an employee for Defendant in 2006 and in 2008, she was promoted to the position of Asset Protection Coordinator.  Beginning in the summer of 2010, Plaintiff discovered her supervisor, Kelly Mirini's, regular practice of manipulating and falsely reporting lost inventory figures and statistics for Defendant's stores in the New Jersey area.  This practice had the effect of misrepresenting the amount of lost inventory in Defendant's stores to make it appear that the stores had lost less inventory than in reality, which resulted in overstating Defendant's profits in the New Jersey region.  Plaintiff claims that she notified Ms. Mirini's supervisor, Joe Schrauder, about the falsified records in July 2010 and provided him with documented evidence of such falsifications in August 2010.  Mr. Schrauder said he would investigate the matter but did not contact Plaintiff about the accusations again.

Around the same time, Plaintiff was issued a coaching discipline by Defendant for an unrelated accusation of inappropriate conduct (the "September 2010 Discipline").  Plaintiff asserts that she challenged the issuance of the September 2010 Discipline and was told she could conduct an investigation to rebut the accusations.  Plaintiff did so and following the results of her investigation, her store manager concluded that Plaintiff had not engaged in the complained-of conduct and informed her that the September 2010 Discipline would be removed from her file.  Despite these assurances, the September 2010 Discipline was not removed from Plaintiff's file until May 2011.  In early January 2011, Plaintiff attempted to apply for a promotion but learned

that the September 2010 Discipline had not been removed for her file and therefore she could not apply for the promotion.  Plaintiff claims that this denial was improper because Defendant's policy only prohibits employees with *two* outstanding disciplines from applying for a promotion.  Thus, even if the September 2010 Discipline were proper (which she claims it was not), she had only one discipline on her record and should have been eligible for a promotion.

Shortly thereafter, on January 24, 2011, Plaintiff was disciplined a second time for insubordination for allegedly giving an incorrect instruction to her employees about the use of anti-theft devices (the "January 2011 Discipline").  Plaintiff contends that the January 2011 Discipline was in fact issued in retaliation for having reported Ms. Mirini's practice of falsifying inventory statistics.  Following the issuance of the January 2011 Discipline, Plaintiff informed two separate individuals in Defendant's Human Resources Department about Ms. Mirini's conduct and her belief that she was being retaliated against for having reported this behavior.  She also attempted to follow up with Mr. Schrauder about Ms. Mirini's alleged wrongdoing.

In February 2011, Ms. Mirini was fired.  On February 17, 2011, Plaintiff filed a complaint with the New Jersey Department of Law and Public Safety, Division on Civil Rights alleging that she was being retaliated against for reporting derogatory statements that Wal-Mart employees made about children with special needs.  She claims that the Division on Civil Rights would not accept a complaint of retaliation for having reported the falsification of inventory numbers.  She subsequently informed Human Resources and Mr. Schrauder that she had filed a complaint with the Division on Civil Rights.  She also inquired as to the status of Defendant's investigation of the January 2011 Discipline.

In early March 2011, a Human Resources representative and Mr. Schrauder spoke with other Wal-Mart employees regarding the accusations underlying the January 2011 Discipline.

On April 7, 2011, Plaintiff was fired, allegedly for the January 2011 incident of insubordination and/or misrepresentations involving the same.  Plaintiff claims that she was in fact fired for reporting Ms. Mirini's practice of misrepresenting inventory statistics and for claiming that the January 2011 Discipline was pretextual.  On April 6, 2012, Plaintiff commenced this action.  She alleges violations of CEPA (Count I); a claim for common law wrongful termination (Count II) and violations of the New Jersey Law Against Discrimination (Count III).

### B.  Defendant's Motion to Dismiss

Defendant moves to dismiss Plaintiff's CEPA claim, arguing that it is time-barred since any discrete acts – such as wrongfully disciplining her or failing to promote her – that took place before April 6, 2011 are time-barred.  Because Plaintiff alleges that she was wrongfully disciplined in September 2010 and January 2011 and prohibited from applying for a promotion in January 2011, Defendant argues that her entire CEPA claim is untimely and fails as a matter of law.  Defendant further argues that even if Plaintiff's claims are not time-barred, the CEPA claim still fails because uncovering fraud and theft were part of Plaintiff's job duties and therefore do not constitute whistleblowing pursuant to CEPA.

Plaintiff opposes the motion and argues that her CEPA claim is not time-barred since the retaliatory actions that took place in September 2010 and January 2011were part of a continuing violation.  In particular, Plaintiff contends that Defendant's failure to promote and/or to allow Plaintiff to apply for a promotion constitutes a continuing violation since she could have made such an application at any time from January 2011 until her termination in April 2011.  Plaintiff further argues that there is no legal basis to conclude that employee is barred from being a CEPA whistleblower merely because her whistleblowing activities overlap with her job duties.[1]

---

[1] Plaintiff further argues that the Court should not consider two additional documents describing Plaintiff's job duties, which Defendant attached to its motion to dismiss.  Plaintiff contends that

## II.     Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  In deciding a Motion to Dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  All reasonable inferences must be made in the Plaintiff's favor.  *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *Oshiver v. Levin, Fishbien, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994).

In 2007, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6).  *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007).  The *Twombly* Court stated that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007).  More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

these documents are not properly considered on a motion to dismiss and that even if the Court were to consider such documents, they do not demonstrate that it was part of Plaintiff's job duties to monitor her supervisor for evidence of fraud or misrepresentations.  Because the Court cannot consider these documents in deciding the motion to dismiss under Rule 12(b)(6), *see City of Pittsburgh v. West Penn Power Co*., 147 F.3d 256, 259 (3d Cir. 1998), it will decide the motion based solely on the allegations in the Amended Complaint and will not address the remainder of Plaintiff's arguments at this time.

**III.     Legal Discussion**

CEPA was enacted to protect employees who report illegal or unethical workplace activities from retaliatory action by their employers. N.J. Stat. Ann. 34:19-1 *et seq.*; *Alderiso v. Med. Ctr.of Ocean Cnty., Inc.*, 167 N.J. 191, 197 (2001). To establish a cause of action under CEPA, a plaintiff must demonstrate that: (1) he or she reasonably believed that his or her employer's conduct was violating a law, rule, or regulation promulgated pursuant to law; (2) he or she objected to the conduct; (3) an adverse employment action was taken against him or her; and (4) a causal connection exists between the whistle-blowing activity and the adverse employment action. *Sarnowski v. Air Brooke Limousine, Inc.*, 510 F.3d 398, 404 (3d Cir. 2007). A CEPA claim must be initiated within one year of the adverse action. *See* N.J. Stat. Ann. 34:19-5. The parties to the instant action agree that Plaintiff failed to bring suit within one year of the September 2010 Discipline and the January 2011 Discipline, as well as the failure to promote, which occurred in January 2011. Plaintiff nevertheless argues that her claim is not untimely because the two disciplines and resulting failure to promote constituted a continuing violation that did not end until April 7, 2011, the date on which she was terminated. The Court does not find Plaintiff's argument compelling.

The continuing violations doctrine "allows a plaintiff to pursue a claim for discriminatory conduct if he or she can demonstrate that each asserted act by a defendant is part of a pattern and at least one of those acts occurred within the statutory limitations period." *Smith v. Twp. of E. Greenwich*, 519 F. Supp. 2d 493, 505 (D.N.J. 2007) (internal quotations and citations omitted). The New Jersey Supreme Court has recognized the viability of the continuing violation doctrine for CEPA claims, holding that when a plaintiff alleges "a pattern of series of acts . . . [that] when viewed cumulatively constitute a hostile work environment," his CEPA claim accrues "on the

date on which the last act occurred, notwithstanding that some of the component acts . . . were outside the statutory time period." *Green v. Jersey City Bd. of Educ.*, 177 N.J. 434, 447-48 (2003); *see also Matthews, Jr. v. The N.J. Inst. of Tech., et al.*, 2010 U.S. Dist. LEXIS 27182, at 11 (D.N.J. 2010) (applying the continuing violation doctrine to retaliation claim under CEPA and holding that acts that occurred outside the statutory limitations period were not time-barred because plaintiff alleged that hostile work environment continued through the present date).

Here, Plaintiff alleges that Defendant retaliated against her by issuing a false discipline in September 2010 and failing to remove such discipline from her file until months after she proved the accusations were false. She further alleges retaliation based upon Defendant's failure to allow her to apply for a promotion in early January 2011 and by issuing a second unwarranted discipline later in January 2011. The two disciplines and the failure to promote occurred more than one year before Plaintiff commenced this action and thus would be barred by CEPA's statute of limitations. Plaintiff argues that since Defendant's policies prevent an employee with two outstanding disciplines from applying for a promotion, however, the issuance of the two disciplines made it "impossible" for her to apply for a promotion from January 2011 up until the time she was terminated in April 2011 and therefore constitute a continuing violation.

Plaintiff's claims cannot be saved under the continuing violation theory because an employer's failure to promote is quintessentially a discrete employment action. *See Natl. R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-115, (U.S. 2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act. Discrete acts such as . . . failure to promote . . . are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"); *see also Rush v. Scott Specialty Gases*, 113 F.3d 476, 483-84 (3d Cir. 1997) (holding that plaintiff's

failure to promote claim and train claims are "discrete instances of alleged discrimination that are not susceptible to a continuing violation analysis."). Likewise, retaliatory discipline actions are considered discrete employment actions. *See O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006) (following *Morgan* and discussing types of discrete acts that are not susceptible to the continuing violations doctrine, including "wrongful discipline" and "failure to promote"); *see also Gadson v. City of Wilmington Fire Dep't*, 478 F. Supp. 2d 635 (D. Del. 2007) (holding that plaintiff's claims of "disparate treatment in defendant's imposition of discipline, as well as 'hiring and promotional policies and practices' which have a disparate impact" are discrete acts that "cannot be aggregated under a continuing violations theory"). Plaintiff's claim of retaliation is based on the September 2010 and January 2011 disciplines and a failure to promote in January 2011, each of which is a discrete act.[2] Thus, the one-year statute of limitations for these acts began running on January 24, 2011 at the latest and Plaintiff's CEPA claim is time-barred.

Because Plaintiff's CEPA claim is untimely and fails as a matter of law, the Court does not need to address Defendant's other argument, namely, that Plaintiff's activities did not constitute whistle-blowing under CEPA.

---

[2] Plaintiff cites *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834 (3d Cir. 1992) and argues that the entire period in which she was denied a promotion, *i.e.,* January-April 2011, constitutes a continuing violation of the failure to promote. However, *Miller* is inapposite here as the facts are materially different. The plaintiff in *Miller* alleged that she repeatedly made requests for a promotion over a two-year period and was denied promotions during that time based on her age and gender. Further, she alleged that she did not know she would not be granted the promotion until the end of the two-year period. In finding that her complaint was not time-barred, the Third Circuit found that the statute of limitations did not begin to run until the plaintiff knew or should have known that the promotion had actually been denied. *Miller*, 977 F.2d at 843. In the instant case, Plaintiff alleged that she attempted to apply to a single promotion in January 2011 and was denied. She does not allege that she attempted to apply to any other promotions or that she was unaware of the denial. Plaintiff cannot use the continuing violations doctrine to transform a single discrete act into a pattern of retaliation. *See Roa v. Roa*, 200 N.J. 555, 569 (2010).

## **IV.** **Conclusion**

For the foregoing reasons, Plaintiff's CEPA claim is time-barred. Plaintiff therefore has failed to state a claim against the Defendant under CEPA, and Defendant's Partial Motion to Dismiss will be granted with prejudice. An appropriate Order follows.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: November 20, 2012